IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAKISHA SIMMONS AND )<br>CHRIS SIMMONS, )<br>                                )<br>         Plaintiffs, )<br>                                )<br>                                )<br>vs.                             )<br>                                )<br>                                )<br>                                )<br>COUNTRYWIDE HOME LOANS, )<br>BANK OF AMERICA HOME LOANS, )<br>BAC HOME LOANS SERVICING AND )<br>JOHN DOE 1 THROUGH 10, )<br>INDEPENDENTLY, )<br>                                )<br>         Defendants. ) | CASE NO. 3:09-0621<br>JUDGE CAMPBELL/KNOWLES |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion For Remand," filed by the pro se Plaintiffs. Docket No. 7. Plaintiffs argue that this action should be remanded to the Chancery Court for Davidson County, from which it was removed. Defendant has filed a Response in Opposition to the Motion. Docket No. 8.

As best the Court can tell, Plaintiffs argue that they have alleged in their Complaint that Defendant is in violation of "State Statutes," and that this fact somehow prevents removal. Docket No. 7, p. 2. Plaintiffs readily admit, however, that their Complaint alleges violations of the "Fair Debt Collection Practices Acts [*sic*]." *Id*., p. 1. In fact, Plaintiffs' pro se Complaint specifically relies upon "the Constitution for the United States," and "the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1601, 1692 *et seq*.," in alleging that the "contract

between Plaintiff and Defendant (the alleged loan agreement), and all applicable law, Defendant is now in default and without claim." Docket No. 1-1, p. 5.

Removal of cases from state courts is governed in part by 28 U.S.C. § 1441(b), which states in relevant part, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  A fair reading of the Complaint shows that Plaintiffs have alleged that Defendant violated the U.S. Constitution and the Fair Debt Collection Practices Act, a federal statute.  Under these circumstances, this action was appropriately removed by Defendants.

For the foregoing reasons, Plaintiffs' "Motion For Remand" (Docket No. 7) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge