IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAKISHA SIMMONS AND CHRIS SIMMONS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CASE NO. 3:09-00621 ) JUDGE CAMPBELL/KNOWLES ) ) |
| COUNTRYWIDE HOME LOANS, BANK OF AMERICA HOME LOANS, BAC HOME LOANS SERVICING, AND JOHN DOE 1 THROUGH 10, INDEPENDENTLY, | ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' Motion to Dismiss the pro se Plaintiffs' Amended Complaint, filed pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 10. Defendants have filed a supporting Memorandum (Docket No. 11), and Plaintiffs have filed an "Objection to the Motion to Dismiss" (Docket No. 12). Defendants argue that Plaintiffs' claims must be dismissed "as not facially plausible because the assertions do not allow the Court to draw a reasonable inference that Defendants are liable for the misconduct alleged." Docket No. 11, p. 1. Defendants further argue that Plaintiffs' claims are mere legal conclusions that are wholly without factual support.

Plaintiffs' Objection, for the most part, is difficult to understand. In any event, the "Objection" is extremely short on facts. A discussion of the allegations of Plaintiffs' Amended

Complaint may, therefore, be helpful at this point.

Plaintiffs began this action in the Chancery Court for Davidson County, by filing a lengthy document headed, "Plaintiff's [*sic*] Petition for Injunctive and Other Relief and for Court to Compel Defendant to Produce and Comply with Plaintiff's [*sic*] demands." Docket No. 1-1. It appears that Plaintiffs' actual Complaint consisted of three pages, the remainder of the document being a set of Requests for Admissions, a "First Request for Deposition" (which essentially is a set of Interrogatories), a "Memorandum of Law" in support of the Complaint headed, "How and Why the Bank Must Switch Currency," etc. Defendants removed the Chancery Court action to this Court on grounds that Plaintiffs' Complaint had apparently sought to raise claims under federal statutes and the U.S. Constitution. Docket No. 1. Plaintiffs subsequently filed an "Amended Complaint . . . ." Docket No. 9.

The body of the Amended Complaint, which is approximately 2-1/2 pages in length, is again difficult to decipher. Defendants seek to raise three claims: breach of contract, "money had and received," and fraud. While Plaintiffs cite a number of federal and state statutes, the Amended Complaint is seriously lacking in factual detail. The following statements from the Amended Complaint appear to set forth what are arguably Plaintiffs' material factual allegations:

> (5) On or about July 29, 2006, plaintiff[1] entered into an agreement with COUNTRYWIDE HOME LOANS whereby plaintiff agreed to make payments on a loan allegedly given to the Plaintiff by COUNTRYWIDE HOME LOANS. Plaintiff entered into this agreement in good faith that the Lender was providing full disclosure, lawful consideration and was abiding by the law.
>
> (6) Plaintiff, received notice that the alleged loan was to be

---

[1] While there are clearly two Plaintiffs in this action, the Amended Complaint uses the singular term "Plaintiff" throughout.

serviced by BANK OF AMERICA HOME LOANS after the agreement was made. This action led the Plaintiff to research the details of this process. Upon discovery of important facts, Plaintiff was informed and believed that fraud and misrepresentation was committed by Defendant upon execution of the above mentioned contract.

(7) Defendants, and each of them, misrepresented the facts to the Plaintiff by failing to fully disclose the true value of the NOTE allegedly held by Defendant. Defendant fraudulently claims to be lender, but refused to perform in good faith their agreement to provide a loan.

. . .

(9) Plaintiff has offered to pay any debt that is lawfully owed by Plaintiff upon lawful validation of the debt the Defendant claims is due. Defendant has refused Plaintiff's offer by neglecting Plaintiff's lawful request for debt validation. Defendant refuses to lawfully validate the debt, yet continues to proceed with actions detrimental to the health and well-being of Plaintiff. Demand has been made on defendants, and each of them, for validation of the debt or repayment of Plaintiff's funds and eradication of any account associated with Plaintiff, but defendants, and each of them have failed and refused and continued to fail and refuse, to honor Plaintiff's lawful requests.

. . .

(12) On or about July 29, 2006 at Nashville, Tennessee, defendants, and each of them, misrepresented facts and deceived Plaintiff. As a result, in good faith, Plaintiff sent Defendant $41,385 as payments on a bogus loan.

. . .

(15) On or about July 29, 2006 at Nashville, Tennessee, defendants, and each of them represented to plaintiff that they would provide a loan for the sum of $50,495 for the purchase of a home for Plaintiff. These representations were false and defendants knew the falsity of these statements at the time they were made.

(16) Plaintiff is informed and believes and thereon alleges that defendants, and each of them, had no intention to provide a loan and used deceitful measures to trick Plaintiff into voluntary indebtedness.

> . . .
>
> > (18) Plaintiff is informed and believes and thereon alleges that defendant intentionally misrepresented the facts for the specific purpose of depriving plaintiff of its funds and property, and to defraud plaintiff, all with malice toward plaintiff.

Docket No. 9, p. 1-3 (footnote added).

The United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

While pro se pleadings are subject to liberal construction, that fact does not require the Court to create a claim which the plaintiff has not spelled out in his Complaint. *See Haines v. Kerner,* 404 U.S. 519 (1972); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Thus, a pro se litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. *Wells, supra.*

As Defendants properly argue, the Amended Complaint lacks factual allegations respecting the material elements of Plaintiffs' breach of contract claims. Plaintiffs fail to allege which provisions of the Loan Agreement were breached by Defendants, or how those provisions were breached, and Plaintiffs do not provide any facts to support their legal conclusion.

Likewise, Plaintiffs' fraud claim is stated simply as a legal conclusion, without any supporting facts. Additionally, as Defendants properly argue, Fed. R. Civ. P. 9(b) requires a party alleging fraud to state with particularity the circumstances constituting fraud. In *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003), the Court stated, "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants, and the injury resulting from the fraud.'" (citation omitted). Plaintiffs have, therefore, failed to state a claim for fraud.

Finally, Plaintiffs assert a claim for "money had and received," but, again, Plaintiffs have provided no factual support for such a legal conclusion. This claim is set forth in paragraphs 12 and 13 of the Amended Complaint, quoted above, and appears to the Court essentially to be a fraud claim.

For the foregoing reasons, the undersigned recommends that Defendants' "Motion to Dismiss" (Docket No. 10) be GRANTED, and that this action be DISMISSED WITH PREJUDICE.[2]

---

[2] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n.3. (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge